EDWARD J. McINTYRE [SBN 80402]
emcintyre@swsslaw.com
STEPHEN L. SCHREINER [SBN 112802]
sschreiner@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for NTN Buzztime, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NTN BUZZTIME, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUZZTABLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. **'13 CV 1897 MMA WMC**<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FEDERAL UNFAIR COMPETITION (FALSE DESIGNATION);**<br>**(3) FEDERAL TRADEMARK DILUTION;**<br>**(4) CALIFORNIA UNFAIR BUSINESS PRACTICES;**<br>**(5) UNFAIR COMPETITION BY INFRINGEMENT OF COMMON LAW RIGHTS; AND**<br>**(6) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

P:00805015:39049.002

COMPLAINT

# I.
# PARTIES

1. NTN Buzztime, Inc. ("NTN Buzztime") is a Delaware corporation with its principal place of business in Carlsbad, California.

2. Defendant BuzzTable, Inc. ("BuzzTable") is a Delaware corporation with its principal place of business in New York, New York.

# II.
# JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, in that it arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

4. This Court has subject matter jurisdiction over the unfair competition claims pursuant to 28 U.S.C. § 1338(b) in that those claims are jointed with a substantial and related claim under the trademark laws. This Court further has supplemental or pendent jurisdiction over all other claims alleged in this action pursuant to 28 U.S.C. § 1367(a) in that those claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) and (c) in that BuzzTable solicits business in this judicial district and thus is subject to personal jurisdiction here, and because its acts that have caused and continue to cause damage to NTN Buzztime have occurred and are continuing to occur in this judicial district.

# III.
# ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**NTN Buzztime's Registered Trademarks**

6. NTN Buzztime is the owner of the registered trademark "BUZZTIME," registration number 2460367, which the United States Patent and Trademark Office

("USPTO") registered on the Principal Register on June 12, 2001.

7. NTN Buzztime is the owner of the registered trademark, "BUZZTIME," registration number 3294791, which the USPTO registered on the Principal Register on September 18, 2007.

8. NTN Buzztime is the owner of the registered trademark, "BUZZPOINTS," registration number 3424104, which the USPTO registered on the Principal Register on May 6, 2008.

9. NTN Buzztime is the owner of the registered trademark, "BUZZTIME TRENDALICIOUS TRIVIA," registration number 3866821, which the USPTO registered on the Principal Register on October 26, 2010.

10. NTN Buzztime is the owner of the registered trademark, "BUZZTIME," registration number 3985217, which the USPTO registered on the Principal Register on June 28, 2011.

11. NTN Buzztime is the owner of the registered trademark, "BUZZTIME'S SMARTEST BAR," registration number 4128569, which the USPTO registered on the Principal Register on April 17, 2012.

12. NTN Buzztime is the owner of the registered trademark, "BUZZTIME ENTERTAINMENT," registration number 4241950, which the USPTO registered on the Principal Register on November 13, 2012.

13. NTN Buzztime continues to own all of these registered trademarks, each of which is active and in good standing.

14. NTN Buzztime also owns the unregistered trademarks "BUZZREPORT" and "FOLLOW US FOR THE BUZZ."

15. Each of these registered and unregistered trademarks, in one respect or another, is related to hospitality (specifically restaurants and bars) and entertainment services, including providing non-downloadable interactive games via interactive television, telephone and wireless devices on global computer networks and via live hosted events; for the production of cable and network television programs featuring

interactive games; distribution of cable and network television programs featuring interactive games for others; marketing, entertainment, advertising, and customer loyalty applications on tablets and other mobile devices; equipment for playing a plug and play game, namely, videogame machines for use with televisions, video game interactive remote control units, video game cartridges and interactive video game programs; and providing a frequent user rewards program in connection with interactive games played via satellite, cable, telephone, internet, a global computer network or other interactive devices in the nature of prize giveaways.

16. One or more of NTN Buzztime's registered marks is incontestable under 15 U.S.C. § 1065.

**NTN Buzztime's Use and Promotion of its Trademarks**

17. NTN Buzztime uses these registered and unregistered marks in its business, which includes marketing services through interactive game content for hospitality venues, including restaurants and bars, that offer the games to their patrons. NTN Buzztime's business includes providing an interactive entertainment network that helps such hospitality venues that subscribe to NTN Buzztime's network to acquire, engage and retain their patrons.

18. NTN Buzztime's target market includes restaurants and bars and their patrons and it has mobile applications and other entertainment specifically marketed to those patrons.

19. NTN Buzztime generates revenues primarily by charging subscription fees to its network subscribers for its service, and from the sale of advertising aired on in-venue screens as well as in conjunction with customized games. NTN Buzztime's games are currently available in more than 3,400 locations throughout the United States and Canada.

20. NTN Buzztime has, at least since 2000, used its federal and common-law trademarks continuously in every forum available to identify its products and services. It has spent, and continues to spend, substantial effort and money

advertising and promoting its trademarks continuously in this jurisdiction and throughout the United States in interstate commerce.

21. NTN Buzztime has invested its resources in promoting its trademarks so that they identify it and its products and services as distinct from those of others.

22. NTN Buzztime has used its trademarks broadly and its presence is well-known in its segment of the entertainment industry. NTN Buzztime's trademarks are widely recognized throughout the United States and elsewhere and are distinct and famous in association with the entertainment services it provides.

23. The use and presence of NTN Buzztime's trademarks in connection with its products and services and advertising tells the public that NTN Buzztime developed and provided those products or services. The consuming public has come to associate NTN Buzztime's trademarks with the entertainment services that it provides.

24. Based on its federal trademark registrations and NTN Buzztime's extensive use of its trademarks, NTN Buzztime owns the exclusive right to use its registered trademarks in connection with the entertainment products and services it provides.

**BuzzTable's Infringement of NTN Buzztime's Trademarks.**

25. BuzzTable is using, and has been using in commerce, the infringing mark, "BUZZTABLE." BuzzTable claims it develops computer applications that allow restaurants to offer table buzzers and loyalty cards by way of smartphones.

26. BuzzTable claims that, since its founding, it was created to unite restaurants with their loyal guests in "an entirely new way."

27. BuzzTable claims that it "builds products that help restaurants create the ultimate guest experience" and that it "strives to develop technologies that bring guests closer to the restaurants they love, just like the food that brings us together at a table."

/ / /

28. BuzzTable claims that it is trying to "redefine" human interaction by means of the technology that it deploys.

29. On January 29, 2013, BuzzTable applied to the USPTO for a trademark/service mark for "BUZZTABLE" for downloadable computer software in the nature of a mobile application for displaying, finding, messaging, locating and interacting with other users in places so that users can organize, tag, store, aggregate, message, annotate, comment, share, search and interact with data, video, audio, photographs, text, graphics, other user's user-created content and user-supplied content for sharing and transmission.

30. BuzzTable's application's breadth demonstrates its intention to bring NTN Buzztime's uses of its marks and the products and services that NTN Buzztime markets with its marks under the "BUZZTABLE" mark.

31. Thus BuzzTable's mark, "BUZZTABLE," is substantially similar to NTN Buzztime's marks and creates substantially the same commercial impression.

32. The products and services for which BuzzTable uses its mark are identical or closely related to the products and services for which NTN Buzztime uses or has registered its marks.

33. BuzzTable's own statements demonstrate that it uses the confusingly similar "BUZZTABLE" mark to compete directly with NTN Buzztime's "BUZZTIME" trademark.

34. BuzzTable is using its infringing mark to offer direct access to products and services in the same channels of commerce as those NTN Buzztime uses.

35. BuzzTable is attempting to create confusion by its use of the infringing mark, "BUZZTABLE" and its attempt to divert NTN Buzztime's business to itself.

36. NTN Buzztime has not consented to or authorized BuzzTable to use the mark in question and BuzzTable's use of the "BUZZTABLE" mark dilutes NTN Buzztime's mark distinctive qualities.

/ / /

37. NTN Buzztime is informed and believes that BuzzTable's application for and use of the infringing mark, "BUZZTABLE," is to capitalize on the goodwill of NTN Buzztime's marks.

38. BuzzTable began to use the infringing "BUZZTABLE" mark after NTN Buzztime's marks were already famous and distinctive.

39. BuzzTable's unauthorized use of the "BUZZTABLE" mark unjustly enriches BuzzTable and is damaging NTN Buzztime's business reputation.

40. BuzzTable uses the infringing mark "BUZZTABLE" to identify its products and services in interstate commerce, to its benefit and to NTN Buzztime's detriment.

41. The infringing mark, "BUZZTABLE", creates, and in fact has created, the likelihood of confusion, mistake or deception in the mind of the average consumer about the source of the products and services offered.

42. BuzzTable's use of the infringing mark, "BUZZTABLE," for products and services specifically marketed to restaurants, bars and their patrons, including mobile applications, creates a strong likelihood of confusion.

43. As a result of BuzzTable's conduct, NTN Buzztime has incurred, and continues to incur, damages consisting, among other things, of the diminution of the value of, and the goodwill associated with, its marks, and lost profits.

44. BuzzTable threatens to continue the alleged acts, and unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage. NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it for all the injuries threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## IV.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. 1114)**

45. NTN Buzztime repeats and realleges paragraphs 1-44, above, as though fully set forth.

1   46.  BuzzTable has used or is using in interstate commerce the mark, "BUZZTABLE," which infringes NTN Buzztime's marks and describes NTN Buzztime's products and services.  BuzzTable's infringement uses NTN Buzztime's marks in violation of 15 U.S.C. § 1114.

47.  By engaging in the conduct set forth above, BuzzTable has infringed NTN Buzztime's marks in interstate commerce.

48.  BuzzTable's use of NTN Buzztime's marks for their products and services is without NTN Buzztime's permission or authority, and constitutes a reproduction, copying, counterfeiting and colorable imitation of NTN Buzztime's marks in a manner likely to cause confusion and/or mistake and to deceive.

49.  NTN Buzztime is informed and believes that BuzzTable committed the infringing acts with full knowledge of and disregard for NTN Buzztime's rights, and with the intent to cause confusion and/or mistake and to deceive.

50.  In the mark, "BUZZTABLE," BuzzTable is using NTN Buzztime's similar marks to cause initial interest confusion, and to divert users away from NTN Buzztime and its product and services.

51.  BuzzTable's use of NTN Buzztime's marks has created a likelihood of confusion among consumers who may falsely believe that NTN Buzztime associates with BuzzTable's business or approves of BuzzTable's services or commercial activities.

52.  As a result of BuzzTable's acts, NTN Buzztime has suffered and will continue to suffer damage to its business, reputation and good will and the loss of sales and profits NTN Buzztime would have made but for BuzzTable's acts.  NTN Buzztime is entitled to injunctive relief and an award of actual and treble damages, BuzzTable's profits, and recovery of NTN Buzztime's costs of suit and attorneys' fees.

/ / /

/ / /

53. BuzzTable threatens to continue the alleged acts, and unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage. NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it for all the injuries threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## V.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition Under the Lanham Act, 15 U.S.C. 1125(a))**

54. NTN Buzztime repeats and realleges paragraphs 1-53, above, as though fully set forth.

55. BuzzTable has caused its products and services to enter into interstate commerce with the representation that they are affiliated, connected or associated with NTN Buzztime's marks.

56. BuzzTable's unauthorized use of the marks constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of BuzzTable with NTN Buzztime with respect to the origin, sponsorship, association or approval of BuzzTable's products and services.

57. BuzzTable's use in commerce of NTN Buzztime's marks in connection with products or services with a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion, to cause mistake and to deceive with respect to the affiliation, connection or association of BuzzTable with NTN Buzztime with respect to the origin, sponsorship, association or approval of BuzzTable's products and services constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. As a result of BuzzTable's alleged acts, NTN Buzztime has suffered and will continue to suffer damage to its business, reputation and good will and the loss of sales and profits NTN Buzztime would have made but for BuzzTable's acts.

1 NTN Buzztime is entitled to an award of actual and treble damages, BuzzTable's profits, and to recovery of NTN Buzztime's costs of suit and attorneys' fees.

3     59.    BuzzTable threatens to continue the alleged acts, and unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage. NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it for all the injuries threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## VI.
## THIRD CLAIM FOR RELIEF
**(Trademark Dilution Under the Federal Trademark Dilution Act, 15 U.S.C. 1125(c))**

    60.    NTN Buzztime repeats and realleges paragraphs 1-59, above, as though fully set forth.

    61.    BuzzTable has made commercial use of NTN Buzztime's marks in connection with products and services that BuzzTable has provided in interstate commerce. BuzzTable's acts violate Lanham Act § 43(c), 15 U.S.C. § 1125(c) in that they have caused dilution of the distinctive quality of NTN Buzztime's marks, all to NTN Buzztime's irreparable injury and damage.

    62.    BuzzTable's acts have lessened the capacity of NTN Buzztime's famous marks to identify and distinguish NTN Buzztime's products and services.

    63.    BuzzTable's acts have blurred the unique association that existed between NTN Buzztime's marks and the products and services it provides, markets and distributes under those marks.

    64.    NTN Buzztime's marks are distinctive and famous. The "BUZZTIME" mark is inherently strong and distinctive, has long been used in connection with the products and services NTN Buzztime provides, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely recognized by consumers and those in the trade, is in substantially exclusive use, and is registered with the USPTO.

1  65. BuzzTable's acts commenced beginning after NTN Buzztime's marks
2  were already famous.
3  66. NTN Buzztime is informed and believes that BuzzTable committed
4  these acts willfully and with the intent to trade on NTN Buzztime's reputation and to
5  cause dilution of NTN Buzztime's famous marks.
6  67. As a result of BuzzTable's alleged acts, NTN Buzztime has suffered
7  and will continue to suffer damage to its business, reputation and good will and the
8  loss of sales and profits NTN Buzztime would have made but for BuzzTable's acts.
9  NTN Buzztime is entitled to an award of actual and treble damages, BuzzTable's
10 profits, and to recovery of NTN Buzztime's costs of suit and attorneys' fees.
11 68. BuzzTable threatens to continue the alleged acts, and unless restrained
12 and enjoined, will do so to NTN Buzztime's irreparable damage.  NTN Buzztime's
13 remedy at law is, at least in part, inadequate to compensate it for all the injuries
14 threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## VII.
## FOURTH CLAIM FOR RELIEF
**(California Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200)**

18 69. NTN Buzztime repeats and realleges paragraphs 1-68, above, as though
19 fully set forth.
20 70. BuzzTable's unauthorized use of NTN Buzztime's marks constitutes
21 unfair competition under California Business & Professions Code §§ 17200 *et seq*.
22 71. As a direct and proximate result of BuzzTable's conduct, NTN
23 Buzztime has suffered and will continue to suffer irreparable injury to its business
24 reputation and goodwill, and to the value and integrity of the mark.
25 72. NTN Buzztime is entitled to restitution.
26 73. In addition, BuzzTable threatens to continue the alleged acts, and
27 unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage.
28 NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it for

all the injuries threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## VIII.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition by Infringement of Common Law Rights)**

74. NTN Buzztime repeats and realleges paragraphs 1-73, above, as though fully set forth.

75. BuzzTable's acts constitute unfair competition and an infringement of NTN Buzztime's common law rights in its marks.

76. Due both to the incontestability of NTN Buzztime's registered marks as set forth above and NTN Buzztime's continuous use of its marks to identify its products and services and to distinguish them from those made and sold by others including those in BuzzTable's market area, NTN Buzztime's marks have a secondary and distinctive trademark meaning to purchasers in BuzzTable's market area.

77. The marks have come to indicate products and services originating only with NTN Buzztime. As a result of this association by purchasers of the marks with NTN Buzztime, BuzzTable's use of the marks is likely to cause confusion among these purchasers.

78. BuzzTable has infringed NTN Buzztime's marks as alleged with the intent to deceive the public into believing that products and services provided by BuzzTable are made by, approved by, sponsored by, associated with, or affiliated with NTN Buzztime.

79. NTN Buzztime is informed and believes that BuzzTable's alleged acts were committed with the intention of passing off and palming off BuzzTable's products and services as those of NTN Buzztime, and with the intent to deceive and defraud the public.

/ / /

80. As a result of BuzzTable's alleged acts, NTN Buzztime has suffered and will continue to suffer damage to its business, reputation and good will and the loss of sales and profits NTN Buzztime would have made but for BuzzTable's acts.

81. BuzzTable threatens to continue the alleged acts, and unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage. NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it for all the injuries threatened by BuzzTable's conduct, and is therefore entitled to injunctive relief.

## IX.
## SIXTH CLAIM FOR RELIEF
(Interference with Prospective Economic Advantage)

82. NTN Buzztime repeats and realleges paragraphs 1-81, above, as though fully set forth.

83. At all times relevant to this complaint, BuzzTable was aware of the prospective economic advantages that would accrue to NTN Buzztime through the use of its marks.

84. NTN Buzztime is informed and believes that BuzzTable has intentionally caused disruption in these relationships through the acts alleged above.

85. BuzzTable's alleged acts constitute wrongful, intentional interferences with NTN Buzztime's prospective economic advantages.

86. As a result of BuzzTable's intentional interference with NTN Buzztime's prospective economic advantage, NTN Buzztime has been damaged in an amount that it will prove at trial.

87. NTN Buzztime alleges on information and belief that BuzzTable's acts in interfering with its prospective economic advantage were fraudulent, malicious, and oppressive and constitute despicable conduct in conscious disregard of NTN Buzztime's rights, and are intended to cause NTN Buzztime harm. NTN Buzztime is therefore entitled to an award of punitive damages under California Civil Code Section 3294.

88.  BuzzTable threatens to continue the alleged acts, and unless restrained and enjoined, will do so to NTN Buzztime's irreparable damage.  NTN Buzztime's remedy at law is, at least in part, inadequate to compensate it fully for all the injuries threatened by BuzzTable's conduct, and it is therefore entitled to injunctive relief.

## X.

## **PRAYER**

WHEREFORE, NTN Buzztime prays for judgment against BuzzTable as follows:

1. For preliminary and permanent injunctive relief;
2. For compensatory damages according to proof, including BuzzTable's profits;
3. For restitution;
4. For treble damages and/or such enhanced damages allowed by law;
5. For punitive damages;
6. For costs of suit;
7. For attorneys' fees allowed by law; and
8. For such other relief as this Court deems just and proper.

DATED:  August 14, 2013          SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  s/ Edward J. McIntyre
EDWARD J. McINTYRE
STEPHEN L. SCHREINER
LEAH S. STRICKLAND
Attorneys for NTN BuzzTime, Inc.

**DEMAND FOR JURY TRIAL**

NTN Buzztime, Inc. hereby demands a jury for all claims triable to a jury.

DATED:  August 14, 2013         SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/ Edward J. McIntyre
EDWARD J. McINTYRE
STEPHEN L. SCHREINER
LEAH S. STRICKLAND
Attorneys for NTN Buzztime, Inc.